IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TITAN ATLAS | ) | |
| MANUFACTURING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. |
| | ) | |
| FRANK A. SISK, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR DECLARATORY JUDGMENT
OF PATENT INVALIDITY AND NON-INFRINGEMENT

1.  The Plaintiff, Titan Atlas Manufacturing, Inc. ("Titan Atlas"), is a Delaware corporation duly organized by law and having its principal place of business at 317 Madison Avenue, Suite 814, New York, New York.

2.  On information and belief, the Defendant, Frank A. Sisk ("Sisk"), is an individual and resident of Eldorado, Illinois.

3.  On information and belief, Sisk is the owner of U.S. Letters Patent No. 5,879,231 (the " '231 Patent").  A copy of the '231 Patent is attached hereto as Exhibit A.

4.  Jurisdiction of this Court arises under the Federal Declaratory Judgments Act, 28 U.S.C. secs. 2201 and 2202, and the laws of the United States concerning actions relating to patents, 28 U.S.C. sec. 1338.  This Court has jurisdiction over the Defendant, and venue is proper in this Court pursuant to 28 U.S.C. sec. 1391(b), in that the Defendant has purposely directed activity toward this District, and the acts of alleged infringement complained of by Defendant occurred in this District.

5.  Defendant Sisk may be served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.

6.  Titan Atlas uses technology licensed from Entwicklungs- und Verwertungs-Gesellschaft M.B.H. ("EVG") to manufacture a prefabricated construction panel known as the "3D Panel."  Titan Atlas has sold its 3D Panels in the United States to at least one customer in the mining industry.  The customer uses Titan Atlas' 3D Panels to construct mine ventilation overcasts and stoppings.

7.  Sisk has warned the customer that the use of Titan Atlas' 3D panels to build mining overcasts and stoppings infringes the '231 Patent.

8.  A substantial and continuing controversy exists between Titan Atlas and Sisk with regard to the right of Sisk to threaten with infringement or maintain suit against Titan Atlas and/or its mining customers for infringement of the '231 Patent, as to the validity and scope of the '231 Patent, and as to whether the 3D Panels sold by Titan Atlas infringe any valid claim of the '231 Patent when used to construct mine ventilation overcasts, undercasts, and stoppings.

9.  Upon information and belief, either one of EVG or Titan Atlas's predecessor-in-interest materially contributed to at least one element of the claims recited in the '231 patent.  As such, Titan Atlas is either a co-owner or a licensee of the '231 Patent and is entitled to use the technology claimed therein.

10.  Alternatively, if the Court finds against Titan Atlas with respect to the facts alleged in paragraph 9 above, then Titan Atlas alleges that the '231 Patent is invalid, unenforceable and/or void for at least one of the following reasons:

2

(a)  Under 35 U.S.C. sec. 102(a), the alleged invention was known or used by others in this country, or was patented or described in a printed publication in this or a foreign country, before the alleged invention thereof by the Applicant of the '231 Patent;

(b) Under 35 U.S.C. sec. 102(b), the alleged invention was patented or described in a printed publication in this or a foreign country, or was in public use or on sale in this country more than one year prior to the date of application for the '231 Patent in the United States;

(c) Under 35 U.S.C. sec. 102(e), the invention was described in an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent;

(d)  Under 35 U.S.C. sec. 102(f), the Applicant did not invent the subject matter sought to be patented;

(e)  Under 35 U.S.C. sec. 103, the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which the subject matter pertains; and

(f)  During the prosecution of the '231 Patent before the U.S. Patent Office, the Applicant intentionally failed to disclose material prior art to the Patent Office and misrepresented that he was the first and sole inventor of the invention sought to be patented.

11.  Titan Atlas states that it has not infringed any valid claim of the '231 Patent and that its customers have not infringed any valid claim of the '231 Patent by using Titan Atlas' 3D Panels to build mine ventilation overcasts, undercasts, and/or stoppings.

WHEREFORE, the Plaintiff, Titan Atlas Manufacturing, Inc., prays that judgment be entered by this Honorable Court in its favor and against the Defendant, Frank A. Sisk, granting to Titan Atlas the following:

A.  Judgment that Titan Atlas is a co-owner or licensee of the '231 Patent;

B.  If the relief sought under paragraph A above is denied, then judgment that Titan Atlas has not infringed any valid claims of the '231 Patent;

C.  If the relief sought under paragraph A above is denied, then judgment that each and every claim of the '231 Patent is invalid and unenforceable;

D.  An injunction preventing the Defendant from enforcing or threatening to enforce the '231 Patent against Titan Atlas or its mining customers;

E.  An award of damages, costs and interest, and reasonable attorney's fees; and

F.  Such other relief as to which Titan Atlas may show itself to be entitled.


Respectfully submitted,
TITAN ATLAS MANUFACTURING, INC.,

By:  /s/ David Ludwig_____
     David Ludwig (VSB No. 73157)
     DUNLAP, GRUBB & WEAVER, PLLC
     199 Liberty Street, SW
     Leesburg, VA  20175
     Tel.:  (703) 777-7319
     Fax.:  (703) 777-3656
     dludwig@dglegal.com

Of Counsel:
MENDELSOHN, DRUCKER, & ASSOCIATES, P.C.
Kevin M. Drucker, Esquire (VSB #40563)
David L. Cargille, Esquire
1500 John F. Kennedy Blvd., Suite 405
Philadelphia, PA 19102
(215) 557-6659

Dated:  February 16, 2011