IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **TITAN ATLAS MANUFACTURING INC. and STRATA MINE SERVICES, LLC,** | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 1:11CV00012 |
| v. | ) ) ) | |
| **FRANK A. SISK and PRECISION MINE MINE REPAIR, INC.,** | ) ) ) | |
| Defendants. | ) | |
| | | |
| **FRANK A. SISK and PRECISION MINE REPAIR, INC.,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:11CV00068 |
| v. | ) ) ) | |
| **TITAN ATLAS MANUFACTURING INC. and STRATA MINE SERVICES, LLC,** | ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

*Javier Sobrado, Feldman Gale, P.A., Miami, Florida, for Frank Sisk and Precision Mine Repair, Inc.; Jonathan T. Blank, McGuireWoods LLP, Charlottesville, Virginia, for Strata Mine Services, LLC.*

This case arises out of a dispute between Frank A. Sisk and Precision Mine Repair, Inc. ("PMR"), on the one hand, and Strata Mine Services, LLC ("Strata") and Titan Atlas Manufacturing, Inc. ("Titan"), on the other. The dispute is based on a Distributorship Agreement (the "Agreement") between the parties related to products used in underground coal mines. Sisk and PMR allege that Strata breached the Agreement and infringed upon a patent held by Sisk. Strata and Titan allege that the Agreement is unenforceable and the patent invalid.

Sisk and PMR filed their Complaint on April 5, 2011.[1] They filed a First Amended Complaint several days later. On March 20, 2012, Sisk and PMR filed the Second Amended Complaint ("SAC"), adding some additional factual allegations and several new counts against Strata -- a second count for breach of contract and new counts for unfair competition and unjust enrichment. Sisk and PMR did not file a motion seeking leave to amend the complaint before filing the SAC. Strata answered the SAC and filed a Motion to Dismiss. On April 24, 2012, Sisk and PMR filed a Motion for Leave to File the SAC.[2] Both motions have been fully briefed and are ripe for decision.

---

[1] The Complaint was filed in the Southern District of Illinois. The case was later transferred to this district and consolidated with an action in this court filed by Titan and Strata against Sisk and PMR involving the same subject matter.

[2] Titan has not responded to the SAC, apparently taking the position that since it was filed without leave of court, no response is necessary.

As Strata asserts, it was contrary to Federal Rule of Civil Procedure 15(a)(2) to file the SAC without first obtaining the consent of the parties or approval from the court.  Despite this procedural error, because leave to amend is to be granted liberally and there are no significant reasons not to grant such leave in this case, I will assess the SAC on its merits as challenged by Strata's Motion to Dismiss pursuant to Rule 12(b)(6).

Strata asks the court to dismiss the SAC's new claim for unjust enrichment. Strata argues that because the Distributorship Agreement, an express contract between the parties, governs the relationship between the parties, the claim for unjust enrichment must fail.  I agree.

Under Illinois law,[3] a claim for unjust enrichment is based upon an implied, rather than specific contract.  "Where a specific contract governs the relationship of the parties, 'the doctrine of unjust enrichment has no application.'" *Team Impressions, Inc. v. Chromas Techs. Canada, Inc.*, No. 02 C 5325, 2003 WL 355647, at *4 (N.D. Ill. Feb. 18, 2003) (quoting *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992)).  However, the Federal Rules of Civil Procedure allow a plaintiff to plead claims in the alternative, despite

---

[3] This court previously determined that Illinois law applies to the contract and tort claims in this case. *Titan Atlas Mfg., Inc. v. Sisk*, Nos. 1:11CV00012, 1:11CV00068, 2011 WL 5041322, at *1-2 (W.D. Va. Oct. 22, 2011).  The "most significant relationship" test also applies to the unjust enrichment claim and requires the application of Illinois law. *See First Wis. Trust Co. v. Schroud*, 916 F.2d 394, 398 (7th Cir. 1990).

inconsistency between those claims. Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

A claim for unjust enrichment pled in the alternative to a breach of contract claim cannot be based on the express contract between the parties and cannot include any specific references to that contract in the claim. *See Sharrow Grp. v. Zausa Dev. Corp.*, No. 04 C 6379, 2004 WL 2806193, at *3 (N.D. Ill. Dec. 6, 2004) (dismissing unjust enrichment count where complaint was primarily based on contracts governing parties' relationship, contracts were attached to complaint, and unjust enrichment count incorporated prior paragraphs of the complaint as basis for the count); *Cooper v. Durham Sch. Servs.*, No. 03 C 2431, 2003 WL 22232833, at *6-7 (N.D. Ill. Sept. 22, 2003) (dismissing unjust enrichment claim where it contained allegations of the contract between the parties). The unjust enrichment count in the SAC not only incorporates all prior paragraphs of the SAC, including those alleging the existence of the Agreement and the breach of that Agreement, but also specifically refers to the Distributorship Agreement in the allegations of the count. The unjust enrichment claim cannot be based on such allegations. *See Team Impressions, Inc.*, 2003 WL 355647, at *4 ("Plaintiff's unjust enrichment claim must not include allegations of a specific contract governing the parties' relationship.").

For these reasons, I find that the SAC does not set forth a proper unjust enrichment claim.

Accordingly, it is **ORDERED** as follows:

1. The Motion to Dismiss the Second Amended Complaint (ECF No. 149) is GRANTED;

2. The Motion for Leave to File the Second Amended Complaint (ECF No. 159) is DENIED; and

3. Sisk and PMR are GRANTED leave to file a Third Amended Complaint in conformity with this Opinion, provided it is filed within 7 days.

ENTER: May 8, 2012

/s/ James P. Jones
United States District Judge