IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **TITAN ATLAS MANUFACTURING INC. and STRATA MINE SERVICES, LLC,** | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:11CV00012 |
| v. | ) ) | |
| **FRANK A. SISK and PRECISION MINE MINE REPAIR, INC.,** | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| **FRANK A. SISK and PRECISION MINE REPAIR, INC.,** | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:11CV00068 |
| v. | ) ) | |
| **TITAN ATLAS MANUFACTURING INC. and STRATA MINE SERVICES, INC.,** | ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

*Mark D. Loftis, Woods Rogers PLC, Roanoke, Virginia, and James A. Gale and Javier Sobrado, Feldman Gale, P.A., Miami, Florida, and Gregory L. Hillyer*

*and Michael P. Hogan, Feldman Gale, P.A., Philadelphia, Pennsylvania, for Frank Sisk and Precision Mine Repair, Inc.; Jonathan T. Blank and Lisa M. Lorish, McGuire Woods LLP, Charlottesville, Virginia, and Mark Varboncouer, McGuire Woods LLP, Chicago, Illinois, for Strata Mine Services, LLC;*

In these consolidated patent and contract cases, Frank A. Sisk ("Sisk") and Precision Mine Repair, Inc. ("PMR") have moved for discovery sanctions against opposing party Strata Mine Services, Inc. ("Strata"). For the reasons that follow, I grant in part and deny in part the motion for sanctions.

I

The substantive issues in this commercial case involve a product used in the ventilation of underground coal mines. Count One of Sisk and PMR's Third Amended Complaint alleges that Strata breached its Distributorship Agreement with PMR by, among other things, purchasing a substitute part of the product, called 3-D Panels, from PMR's competitors.[1]  PMR and Sisk contend, and Strata concedes, that Strata failed to produce eleven pages of documents related to this breach of contract claim in response to PMR's requests for production of documents. The missing eleven pages include incriminating emails in which a Strata employee, Richard Werth, discussed keeping purchases from a competitor of

---

[1] More details of this claim are set forth in an earlier opinion of the court, *Titan Atlas Mfg. Inc. v. Sisk*, Nos. 1:11CV00012, 1:11CV00068, 2011 WL 5041322 (W.D. Va. Oct. 22, 2011).

fifty of the 3-D Panels "top secret" from PMR and referred to the mines in which the product was used.

The documents were finally produced to PMR's counsel approximately a week after their nonproduction was discovered, which was several weeks before the date originally set for the start of trial.[2]  Strata's counsel asserts that the initial failure to produce these documents was caused by inadvertent oversight by temporary contract attorneys engaged in document review in the case and a law firm associate who was supervising them.  It appears that the eleven pages constituted five separate documents of the 22,631 documents electronically produced by Strata to its counsel for pre-production review.  It is contended on Strata's part that the missing documents were simply erroneously miscoded by its lawyers as either non-responsive or otherwise "withhold-able."  In fact, of course, the documents in questions were completely responsive to the request for production, highly relevant, and non-privileged.[3]

---

[2] Because of the serious nature of the present issue, I cancelled the scheduled trial date.

[3] According to Strata's counsel, a large percentage of the 22,631 documents were not produced, presumably because they were found non-responsive.  I will require Strata to now produce all of these documents for review by Sisk and PMR at Strata's expense.  Sisk and PMR prefer this as an alternative to a further responsiveness review of the documents by Strata's counsel.

The nonproduction of the incriminating documents was not the only failure. Strata's interrogatory responses did not acknowledge the information contained in the withheld pages. Finally and significantly, two Strata employees, including Richard Werth, an author of the emails, gave false deposition testimony that was consistent with the nonexistence of the missing documents. Specifically, the witnesses testified that no competitor's 3-D Panels were purchased during the relevant time period, even though the newly produced documents indicate that approximately fifty such panels were purchased and used during that time. Strata asserts that the witnesses simply forgot about the information that was contained in the withheld documents, in light of the relatively small number of 3-D Panels involved, while PMR suggests that it is more likely that the Strata employees intentionally lied about the undisclosed information in order to help their case.

In their Emergency Motion for Default Sanctions, PMR and Sisk requested that I grant a default judgment against Strata as to their whole case, and not merely Count One. Following a hearing on this motion, I declined to enter such a default judgment but instructed the parties to propose other sanctions.[4] Both sides

---

[4] I set forth my reasons orally on the record. Basically, I did not find that the discovery failure as to this breach of contract claim infected all of the other separate claims made by Sisk and PMR, which include patent claims, an unfair competition claim, and other claims unrelated to Count One, all of which are much more significant in terms of possible damages.

proposed sanctions that they believe would be fair and adequate to address the discovery violations, and I have heard oral argument on the proposed sanctions. While I find that some of the sanctions are not warranted, I agree that certain sanctions are appropriate in this case to prevent any prejudice to PMR and Sisk as well as to punish Strata for the very serious circumstances revealed in this case.

II

While no express order of the court was violated by Strata's failures here, the court may still "impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106-07 (2d Cir. 2002) (upholding sanctions by district court for party's negligent failure to produce certain emails in time for trial) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).

The Fourth Circuit has developed a four-factor test for considering discovery sanctions — (1) whether bad faith was involved; (2) the degree of prejudice occurring to the adversary; (3) the need for deterrence; and (4) whether less drastic sanctions are appropriate. *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians,* 155 F.3d 500, 504 (4th Cir.1998).

Strata argues that many of the sanctions requested by Sisk and PMR are excessive. In their place, Strata offers to pay PMR the amount of damages claimed

under Count One relating to the fifty non-PMR 3-D Panels, along with certain attorneys' fees and costs associated with the motion for sanctions. In addition, in the event that the court does not grant Strata's pending motion for summary judgment as to Count One, Strata offers to pay PMR the entire amount claimed under Count One relating to all other products, which PMR's damage expert opined was $258,547. Strata asserts that these sanctions will be sufficient to make PMR and Sisk whole. Sisk and PMR object to this offer of resolution.

    I do not believe that Strata's proposed solution is sufficient to address the conduct of Strata's witnesses and counsel and deter future violations. While I do not find that Strata's counsel acted in bad faith in withholding the documents in question, I do find that the two Strata witnesses who gave false deposition testimony likely did so knowingly. Additionally, the very late disclosure of the documents in question has required me to postpone the trial. In order to prevent any prejudice to PMR and Sisk, they must be permitted to conduct additional discovery, and Strata, as the responsible party, must bear the cost of that additional and necessary discovery. I have considered all of the requested sanctions in light of the *Anderson* four-part test, and I find the sanctions that follow to be appropriate.

III

For the foregoing reasons, it is **ORDERED** as follows:

1. Strata must produce as soon as feasible, but not more than 45 days from this date, all documents not previously produced in response to the requests for production by Sisk and PMR, excluding any such documents withheld on account of privilege, together with an appropriate privilege log as to documents not produced;

2. Sisk and PMR may conduct a review of the documents produced, which review shall be at the cost of Strata, such cost to include reasonable attorneys' fees.  Such review must be completed within 45 days of the production;

3. Sisk and PMR are granted leave to conduct further discovery (1) relating to non-PMR 3D panels used for seals or (2) relevant to any of the documents produced, provided that as to the latter, the appropriateness for such discovery had not been reasonably apparent to Sisk and PMR prior to the events leading to their motion for sanctions.  Such further discovery, which may include written requests and depositions, shall be at the cost of Strata, including reasonable attorneys' fees.  Such discovery must be completed not more than 90 days following the completion of the review of documents by Sisk and PMR;

4. Strata must provide to Sisk and PMR at the time of its production of documents, an affidavit from a responsible officer or employee, with knowledge of the matters stated therein, setting forth in detail the sources within Strata or in possession of its officers and employees, of all of the documents produced, either pursuant to this Order or earlier in the case;

5. The court will consider a motion by Sisk and PMR, made promptly after the conclusion of the discovery described herein, to amend their pleadings to assert claims or defenses arising from new information obtained therefrom.

6. The court will consider a request by Sisk and PMR for a particular instruction to the jury at trial relating to the events described in the motion for sanctions;

7. Strata must reimburse Sisk and PMR for any reasonable attorneys' fees and costs incurred by Sisk and PMR in investigating, preparing, and presenting their Emergency Motion for Default Sanctions (ECF No. 273), filed October 17, 2012, and their Request for Sanctions (ECF No. 323) filed November 5, 2012;

8. If Strata disputes the reasonableness of any attorneys' fees and costs sought by Sisk and PMR, it must promptly file the grounds of its objections for resolution by the court; and

9. Following the deadline for completion of discovery as permitted herein, the court will arrange a conference with counsel to determine further scheduling in the case.

       ENTER:   November 13, 2012

       /s/  James P. Jones
       United States District Judge