IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| TITAN ATLAS MANUFACTURING INC. and STRATA MINE SERVICES, LLC, | ) ) ) | |
| Plaintiffs, | ) | Case No. 1:11CV00012 |
| | ) | |
| v. | ) ) | |
| FRANK A. SISK and PRECISION MINE MINE REPAIR, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| FRANK A. SISK and PRECISION MINE REPAIR, INC., | ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:11CV00068 |
| | ) | |
| v. | ) ) | |
| TITAN ATLAS MANUFACTURING INC. and STRATA MINE SERVICES, INC., | ) ) ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

*Mark D. Loftis, Woods Rogers PLC, Roanoke, Virginia, and James A. Gale and Javier Sobrado, Feldman Gale, P.A., Miami, Florida, for Frank Sisk and*

*Precision Mine Repair, Inc.; Angela H. France and Malik K. Cutlar, PCT Law Group, PLLC, Alexandria, Virginia, for Titan Atlas Manufacturing, Inc.*

In these consolidated commercial actions involving allegations of patent infringement and breach of contract, following my entry of a Consent Judgment and Order of Dismissal, Frank Sisk and Precision Mine Repair, Inc. ("PMR") (collectively, "PMR Parties") filed a motion requesting that I reopen the cases, find Titan Atlas Manufacturing, Inc. ("Titan") in default, and dismiss Titan's claims with prejudice for want of prosecution. The PMR Parties assert that closure of the cases was a clerical error, and the entry of default judgment against Titan and dismissal of Titan's claims is warranted because the settlement that formed the basis of the Consent Judgment was an agreement solely between the PMR Parties and Strata Mine Services, LLC ("Strata"). Thus, the PMR Parties assert that the matter has not yet been resolved as to Titan. For the reasons set forth below, I will grant the PMR Parties' motion in part and will schedule an evidentiary hearing for the purpose of determining the amount of damages and the availability of other remedies.

I

These consolidated cases involve a product used in the ventilation of underground coal mines.[1]  The litigation has a lengthy and complex procedural history, of which only the pertinent portions will be recited here.  The PMR Parties' Third Amended Complaint asserts claims against Titan and Strata for patent infringement, inducement to infringe, breach of a distributorship agreement, and unfair competition.  Titan and Strata brought declaratory judgment claims against the PMR Parties, seeking findings that Titan and Strata did not infringe the patent in question or induce infringement, and that the patent is unenforceable based on inequitable conduct and improper inventorship.  Titan and Strata also asserted claims against the PMR Parties for unjust enrichment and fraud based on monopolization and attempted monopolization, and claimed that PMR breached the distributorship agreement prior to any breach by Titan or Strata.  Several of the claims and defenses were dismissed without prejudice by entry of a Consent Order, which provided that the parties could still conduct discovery related to the dismissed claims and could later reassert those claims.  (ECF No. 178.)  Initial counsel for Titan moved to withdraw on November 23, 2011, and that motion was granted on December 5, 2011.  Titan obtained new counsel, whose appearance was

---

[1]  *See Titan Atlas Mfg. Inc. v. Sisk*, Nos. 1:11CV00012, 1:11CV00068, 2011 WL 5041322 (W.D. Va. Oct. 22, 2011), for additional details regarding the underlying factual allegations.

3

entered on January 13, 2012.   Titan's new counsel filed briefs related to claim construction on March 23, 2012 and April 6, 2012, which merely incorporated all of the arguments made in Strata's briefs, and filed a Joint Stipulation and Consent Order of Dismissal of Inequitable Conduct and Unjust Enrichment Claims Without Prejudice on June 20, 2012. Titan's second set of attorneys filed an emergency motion to withdraw on October 12, 2012, which I granted on October 22, 2012. After that date, Titan was not represented by counsel until June 12, 2013, when Titan's present counsel entered his appearance in this matter.   Other than the second set of counsel's motion to withdraw, Titan made no filings in the case between April 6, 2012 and June 12, 2013.

In the meantime, the other parties in the case filed and responded to numerous motions, conducted discovery, made required disclosures, and ultimately negotiated a settlement agreement.   Titan did not comply with the pretrial deadlines set forth in my Revised Scheduling Order, dated February 12, 2012, or my Order dated June 25, 2012.[2]   It did not notice or attend any depositions, propound any written discovery requests, make any expert disclosures, submit

---

[2]   The initial deadline for all fact discovery was August 31, 2012.  (ECF No. 132.) The close of discovery was postponed to September 14, 2012, at the request of the parties.  (ECF No. 180.)   Expert reports were due on July 27, 2012.  (*Id.*)   Pretrial disclosures of  witnesses and exhibits were required to be filed no later than September 28, 2012.  (ECF No. 132.)  The deadline for proposed jury instructions was October 12, 2012.  (ECF No. 132.)

proposed jury instructions, or respond to the PMR Parties' Motion for Summary Judgment.  The trial, which was originally scheduled for November 5-9, 2012, was postponed due to discovery issues not involving Titan.  Before the trial was rescheduled, the case was dismissed on April 24, 2013 by entry of a Consent Judgment and Order of Dismissal.  (ECF No. 340.)

On May 14, 2013, the PMR Parties moved to reopen the case to correct a clerical error, noting that while the settlement agreement was between the PMR Parties and Strata, the case a whole had been closed without final resolution of the claims by or against Titan.  The PMR Parties sought dismissal with prejudice of Titan's claims and the entry of default judgment against Titan.  I reopened the case on May 15, 2013, and ordered Titan to respond to PMR's motion.  On June 12, 2013, Titan filed a response in which it argued that I should not reopen the case and should instead allow the Consent Judgment and Order of Dismissal to stand.

The PMR Parties argue that Titan's failure to participate in the litigation for more than a year is inexcusable and warrants the entry of default judgment against Titan, particularly in light of the fact that Titan has offered no excuse for its lengthy silence.  According to the PMR Parties, the Joint Motion filed by the PMR Parties and Strata clearly indicated that the case had been resolved only with respect to the PMR Parties and Strata; thus, closure of the case as a whole was

simply a clerical error, and the case should be reopened for entry of default and dismissal of Titan's claims with prejudice.

Titan contends that the Consent Judgment and Order of Dismissal contained no clerical error and that the court did exactly what the PMR Parties and Strata asked it to do. Moreover, Titan argues that because no trial is currently pending, its inaction up to this point has not prejudiced the other parties in the case, and entry of default is therefore an unwarranted sanction.

As I explain more fully below, I agree with the PMR Parties that Titan's complete failure to participate in the litigation for more than a year, including its failure to submit required pretrial disclosures, warrants dismissal of Titan's claims with prejudice and entry of default against Titan.

## II

Rule 60(a) of the Federal Rules of Civil Procedure allows a court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The court's closing of these cases was the kind of mistake contemplated by Rule 60(a), because the motion for consent judgment filed by the PMR Parties and Strata made clear that the settlement agreement was only between the PMR Parties and Strata. The Joint Motion for Entry of Consent Judgment and Order of Dismissal did not

ask the court to close the cases, and they should not have been closed when the claims by and against Titan had not been resolved. Therefore, the cases are properly reopened to allow for proper resolution of the remaining claims.

Rule 41(b) allows for involuntary dismissal of claims where "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). In determining whether involuntary dismissal is appropriate, I must consider four factors: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) whether the record indicates a history of deliberately proceeding in a dilatory fashion; and (4) whether there are sanctions less drastic than dismissal." *Parks v. Huff*, No. 91-1065, 1992 WL 21363, at *2 (4th Cir. Feb. 10, 1992) (unpublished).

Here, Titan was personally responsible for failing to prosecute its claims, as it did not retain counsel after its second set of attorneys withdrew. The record reflects that its counsel moved to withdraw because Titan did not pay its attorneys' fees as required by its agreement with counsel. Titan can blame no one but itself for its failure to participate in discovery and its noncompliance with pretrial disclosure deadlines. Indeed, Titan's failure to obtain counsel prevented it from participating in the litigation, because a corporation is not permitted to proceed pro se. *See Rowland v. Cal. Men's Colony, Unit 2 Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . .

7

that a corporation may appear in the federal courts only through licensed counsel."). Titan's abandonment of its claims and counterclaims prejudiced the PMR Parties because they were required to act as though a live controversy existed, which caused them to incur unnecessary attorneys' fees and costs in preparing and filing motions that would have been unnecessary had Titan fully participated in the litigation.

The record in this matter indicates that Titan had a history of proceeding in a dilatory fashion. Indeed, two sets of counsel had to withdraw because Titan did not pay them as required. Prior to filing its brief opposing the instant motion, Titan had not meaningfully participated in the litigation for more than a year and a half, since October 2011. This is not a case where a party simply inadvertently missed a deadline or failed to respond to one discovery request. Titan essentially ignored the litigation altogether for an extended period of time, apparently hoping it would simply go away. Therefore, no less drastic sanction would be effective in this case; involuntary dismissal is the only appropriate resolution of Titan's claims and counterclaims.

It should be noted that dismissal of Titan's claims reaches the same result that would have occurred had the trial gone forward in November 2012 as originally scheduled. Because Titan failed to make any of the required pretrial disclosures, it would not have been permitted to present any evidence in support of

its claims.  Indeed, because a corporation cannot appear pro se, Titan would not have been able to participate in the trial at all.  In its brief opposing the PMR Parties' motion, Titan takes the position that the cases should remain closed, and thus appears to indicate that it has no intention of pursuing any of its claims. Under these circumstances, involuntary dismissal of Titan's claims is appropriate.

Rule 16(f) permits the imposition of sanctions for failure to obey a scheduling or other pretrial order.  Fed. R. Civ. P. 16(f).  To determine whether entry of default is an appropriate sanction, I must apply a four-part test:  "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary[]; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions."  *Young Again Prods., Inc. v. Acord*, 459 F. App'x 294, 301 (4th Cir. 2011) (unpublished) (internal quotation marks and citations omitted), *cert. denied*, 133 S. Ct. 140 (2012).

The record suggests that Titan acted in bad faith by failing to pay its prior counsel, ignoring the litigation entirely, and then reappearing with new counsel after many months simply to contest the PMR Parties' instant motion, while offering no explanation for its failure to comply with my pretrial orders.  As noted above, the PMR Parties were prejudiced by Titan's inaction because they were forced to prepare for trial as though they were engaged in a live controversy with

Titan, despite the fact that Titan apparently had no intention of pursuing its claims or defenses.   Thus, Titan's silence led the PMR Parties to incur substantial unnecessary expenses.   The court has a strong interest in deterring this type of conduct.   Finally, as indicated above, less drastic sanctions would be ineffective here, considering that Titan completely ignored prior orders of this court.   Titan should not now be permitted to appear, after an extended absence from the litigation, and defend against the PMR Parties' claims.

Again, had the trial taken place in November 2012 as scheduled, Titan would not have been able to present any evidence in its defense and would not have been permitted to participate without counsel.   It could not have cross examined any witnesses.   The entry of default against Titan likely achieves the same result that would have been expected following a trial at which Titan remained completely silent.   For these reasons, I will find Titan in default as to all of the claims pending against it, and Titan will be deemed liable on those counts.

In their motion, the PMR Parties ask me to enter default judgment against Titan.   While the entry of default is appropriate, I find it necessary to hold an evidentiary hearing to determine the appropriate measure of damages and other remedies to which the PMR Parties are entitled.   I will reserve the entry of judgment until after the evidentiary hearing.

III

For the foregoing reasons, it is **ORDERED** that the Motion to Reopen Cases as to Claims Between Defendants/Plaintiffs and Plaintiff/Defendant Titan Atlas Manufacturing ("Titan"), To Dismiss Titan's Claim for Declaratory Relief, and for Entry of Default Judgment Against Titan (ECF No. 341) is GRANTED IN PART AND DENIED IN PART.

These cases are reopened, all pending claims by Titan are dismissed with prejudice, and Titan is declared in default as to all claims pending against it.  The clerk will schedule an evidentiary hearing to consider appropriate remedies.

ENTER:  June 28, 2013

/s/  James P. Jones
United States District Judge